UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHARLES EDWARD SWEENEY, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 4:20-cv-00170-SEB-DML |

**Order Denying Certificate of Innocence**

Petitioner Charles Edward Sweeney, Jr.'s conviction for carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), was set aside and his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was granted. *United States v. Sweeney,* 4:92-cr-4-SEB-VTW-1 (Crim. Dkt.); *Sweeney v. United States,* 4:18-cv-210-SEB-DML (Section 2255 Dkt.). Mr. Sweeney now seeks a certificate of innocence pursuant to 28 U.S.C. § 2513. The United States opposes Mr. Sweeney's Application. In reply, Mr. Sweeney argues that he has met the requirements of 28 U.S.C. § 2513 and is entitled to a certificate of innocence.

For the reasons explained below, Mr. Sweeney's application for a certificate of innocence is **denied** and final judgment shall be entered.

**I. Factual and Procedural Background**

Over 25 years ago, Mr. Sweeney placed a pipe bomb underneath the car of a police officer who was investigating him for the murder of Daniel Guthrie. *Sweeney v. United States*, 754 F. App'x 440, 441 (7th Cir. 2018). Mr. Sweeney was subsequently charged in a seven count superseding indictment as follows: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); using or carrying a firearm during and in relation to

1

that drug trafficking crime, in violation of § 924(c) (Count 2); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count 3); attempted destruction of a vehicle by means of an explosive device, in violation of under § 844(i) (Count 4); carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), that is: attempting to damage and destroy a vehicle by means of an explosive device, in violation of 18 U.S.C. § 844(i) (Count 5); unlawful possession of a destructive device, in violation of 26 U.S.C. §§ 5861(d) & 5871 (Count 6); and unlawful making a destructive device, in violation of 26 U.S.C. §§ 5861(f) & 5871 (Count 7). *See* Superseding Indictment attached to this Order as Exhibit A for the convenience of the reader.

Ultimately, Mr. Sweeney pleaded guilty to Count Five of the superseding indictment which reads:

### COUNT 5

The Grand Jury further charges that:

That on or about February 9, 1992, in or near Henryville, in the Southern District of Indiana, CHARLES E. SWEENEY, JR., a/k/a TYRONE EUGENE WASHINGTON, defendant herein, did knowingly use and carry a firearm to wit: a destructive device, consisting of a piece of pipe approximately three inches (3") in diameter and ten and on-half inches (10 1/2") in length, with one end being plugged with a piece of welded-on steel plate and the other end capped with a reducer, three inches (3") by three-fourths inches (3/4"). Smokeless powder, two (2) 9-volt batteries, wire, a clothespin, .50 caliber lead balls and metal nuts, more commonly known as a pipe bomb, during and in relation to a crime of violence, to wit: attempting to damage and destroy a vehicle in violation of Title 18, United States Code , Section 844(i).

All in violation of Title 18, United States Code, Section 924(c)(1).

*See* Exhibit A. In other words, Mr. Sweeney pleaded guilty to carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), where the "crime of violence" underlying Mr. Sweeney's conviction was the attempted destruction of a vehicle by means of an explosive device, *id.* § 844(i). *Sweeney*, 754 F. App'x at 441.

In the plea agreement, Mr. Sweeney admitted "to those facts constituting the crime alleged in Count 5" and agreed and stipulated to the following facts:

> On December 19, 1991,
>
> (a) The defendant knowingly possessed methamphetamine with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1).
>
> (b) The defendant received at his home by way of the United States mail approximately 23 grams of methamphetamine.
>
> (c) Found in the defendant's residence were items commonly associated with distributors of drugs, including numerous jewelry bags, triple beam scales, and cutting tray.
>
> (d) The defendant carried and armed himself with a SPAS 12, 12 gauge shotgun in response to an attempted entry by the Clark County Police Department, who were executing a search warrant for the drugs in the residence.

Plea Agreement signed October 5, 1992 (attached to this Order as Exhibit B for the convenience of the reader).

Mr. Sweeney was sentenced to 210 months' imprisonment and five years' supervised release. He served his federal term of imprisonment and is currently serving a 60-year sentence imposed by an Indiana state court for murdering Guthrie. *Sweeney v. State*, 886 N.E.2d 1, 5 (Ind. Ct. App. 2008).

In 2018, the Seventh Circuit authorized Mr. Sweeney to file a successive motion under 28 U.S.C. § 2255. Crim. Dkt. 79. In his successive § 2255 petition, Mr. Sweeney argued that his predicate offense under 18 U.S.C. § 844(i) no longer constituted a crime of violence in light of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), which invalidate the residual clause of 18 U.S.C. § 924(c)(3)(B). Section 2255 Dkt. 43. The United States, in response, agreed that § 844(i) is no longer a crime of violence because it fell only within the residual clause. *Id.*

This Court granted Mr. Sweeney's § 2255 motion, and vacated his judgment and plea agreement noting that the § 2255 ruling resolved only Count Five of the seven-count superseding indictment. *Id.* at 3. The United States subsequently dismissed the superseding indictment against Mr. Sweeney. Crim. Dkt. 100, 101.

On May 5, 2020, Mr. Sweeney filed the pending application for a certificate of innocence under 28 U.S.C. § 2513.

## II. Discussion

Mr. Sweeney must obtain a certificate of innocence from this court, his court of conviction, before pursuing a claim for damages in the United States Court of Federal Claims. For it is the Court of Federal Claims which has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. A certificate of innocence, from the court of conviction, is "a prerequisite to a damages claim against the United States." *Abu-Shawish v. United States*, 898 F.3d 726, 731, 732 (7th Cir. 2018); *Betts v. United States*, 10 F.3d 1278, 1282 (7th Cir. 1993); 28 U.S.C. § 2513(b). Such a certificate "serves no purpose other than to permit its bearer to sue the government for damages." *Betts*, 10 F.3d at 1283. But "[i]t is difficult to prove actual innocence . . . ." *Abu-Shawish*, 898 F.3d at 732. Thus, "the federal statutes set a high bar for obtaining a certificate of innocence." *Id.* at 733.

> Under § 2513(a), Mr. Sweeney "must allege and prove that":
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the state ground of innocence and unjust conviction **and**
>
> (2) He did not commit any of the acts charged **or** his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or

4

> any State, Territory, or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a) (emphasis added). "Entitlement to a certificate requires that a preponderance of the evidence—the default standard in civil cases—support each of the requisite elements." *United States v. Gaskins*, 6 F.4th 1350, 1359 (D.C. Cir. 2021) (citing *United States v. Abreu*, 976 F.3d 1263, 1270 (11th Cir. 2020) (collecting cases)). Mr. Sweeney bears the burdens of production and persuasion. *Abu-Shawish*, 898 F.3d at 733.

In this case, there is no dispute that Mr. Sweeney meets the requirements of the first prong. *See* 28 U.S.C. § 2513(a)(1). That is, Mr. Sweeney's conviction was vacated in an Order granting his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

The parties dispute, however, whether Mr. Sweeney has met the requirements of either clause of the second prong. *See* 28 U.S.C. § 2513(a)(2). In other words, the parties' dispute centers on whether Mr. Sweeney proved 1) that he did not commit any of the acts charged; **or** 2) the acts connected with the charged offense were not illegal and Mr. Sweeney's misconduct or negligence did not bring about his own prosecution.

**A. Commission of the Acts Charged**

The United States argues that Mr. Sweeney does not qualify under clause one of the second prong of § 2315(a)(2) because he did commit the acts charged in the superseding indictment as indicated by his plea agreement. Mr. Sweeney's response to this argument is that when his 1992 Federal sentence and conviction were vacated, he became innocent of any crime. He contends that his plea agreement cannot be considered under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Further he contends that his guilty plea is inadmissible in any civil or criminal case and "no matter contained in the Government's prosecution can be used against him." Dkt. 28 at p. 1-2.

Mr. Sweeney is mistaken; he cannot meet his burden simply by pointing out that the conviction to which he pleaded guilty was set aside. The Order vacating Mr. Sweeney's conviction for carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), did not conclude that Mr. Sweeney did not commit the acts charged. It only held that Mr. Sweeney's § 924(c) conviction was unconstitutional because the "crime of violence" underlying the § 924(c) conviction was the attempted destruction of a vehicle by means of an explosive device, § 844(i), and § 844(i) is not a crime of violence under § 924 in light of Davis

There would be no point in requiring the court of conviction to issue a certificate of innocence if nothing more than the reversal of a conviction were needed to satisfy § 2513. *United States v. Gaskins*, 6 F.4th 1350, 1359–60 (D.C. Cir. 2021). "Had the Congress intended to authorize suit for damages in the Court of Claims ... simply because" a conviction was set aside, it would not have further required a finding that the claimant "did not commit the acts charged or that, if he did, his acts were ... not criminal." *Rigsbee v. United States*, 204 F.2d 70, 71-72 (D.C. Cir. 1953); *see also Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir. 2013) (explaining that for the purpose of § 2513, acquittal differs from innocence).

In addition, Mr. Sweeney has not provided any affirmative proof of his factual innocence of all the acts charged in the superseding indictment. "Getting a certificate of innocence is wickedly hard in both state and federal systems, because the applicant must show factual innocence, and even an acquittal does not establish that." *Savory v. Cannon*, 947 F.3d 409, 434 (7th Cir. 2020) (C.J. Easterbrook, dissenting) (citing *Pulungan v. United States*, 722 F.3d 983 (7th Cir. 2013) ("acquittal differs from innocence")). Proving a negative is very difficult. *Id.* (noting that Savory eventually found conclusive DNA evidence, but few wrongly convicted persons are so fortunate).

In this case, Mr. Sweeney has not met this burden to show that he did not commit the acts charged in the superseding indictment. Further his claim that the plea agreement cannot be considered pursuant to Federal Rule of Evidence 410[1] and Federal Rule of Criminal Procedure 11(f) is misplaced. Rule 410 prohibits the introduction of statements made during plea negotiations if the plea is subsequently withdrawn. Rule 11 states that the admissibility of a plea, a plea discussion and any related statement "is governed by" Rule 410. Fed. R. Crim. Proc. 11(f). Mr. Sweeney's guilty plea was not withdrawn, it was vacated, and thus statements made in his plea agreement may be properly considered. *See United States v. Khan*, No. 06-40055-001, 2009 WL 2050754, at *1 (C.D. Ill. July 7, 2009) (noting that "statements by a defendant as part of a guilty plea that is not withdrawn is left unprotected by FRE 410 and may be used against the defendant in other litigation.").

### B. Acts Charged Constitute an Offense

Next, the United States argues that Mr. Sweeney does not qualify under clause two of the second prong of § 2315(a)(3) because his actions constituted offenses against the United States and the State of Indiana. Here, "[t]he court must decide whether the petitioner has shown that he

---

[1] **Rule 410. Pleas, Plea Discussions, and Related Statements**

   (a) PROHIBITED USES. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
      (1) a guilty plea that was later withdrawn;
      (2) a nolo contendere plea;
      (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
      (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.
   (b) EXCEPTIONS. The court may admit a statement described in Rule 410(a)(3) or (4):
      (1) in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together; or
      (2) in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present.

(As amended Pub. L. 94–149, § 1(9), Dec. 12, 1975, 89 Stat. 805; Apr. 30, 1979, eff. Dec. 1, 1980; Apr. 26, 2011, eff. Dec. 1, 2011.)

did not—in fact—commit a crime." *Abu-Shawish*, 898 F.3d at 739. That includes a federal crime "or for a similar state crime." *Id.*

Mr. Sweeney was charged in a seven-count superseding indictment. Exhibit A. Excluding the invalidated count, Mr. Sweeney was charged with additional offenses that are crimes: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); using or carrying a firearm during and in relation to that drug trafficking crime, in violation of § 924(c) (Count 2); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count 3); attempted destruction of a vehicle by means of an explosive device, in violation of under § 844(i) (Count 4); unlawful possession of a destructive device, in violation of 26 U.S.C. §§ 5861(d) & 5871 (Count 6); and unlawful making a destructive device, in violation of 26 U.S.C. §§ 5861(f) & 5871 (Count 7). *See* Exhibit A. Mr. Sweeney admitted to the facts that support those crimes, *see* Exhibit B, and his actions constituted a crime, even in light of *Davis*.

### III. Conclusion

Mr. Sweeney has not met the requirements for a certificate of innocence under § 2513(a). His motion for judgment in his favor on the pleadings, dkt [27], is **denied.** His application for a certificate of innocence is **denied** on the merits.

Judgment consistent with this Order shall now be entered.

**IT IS SO ORDERED.**

Date:  12/9/2021

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Mark Small
ATTORNEY AT LAW
marksmall2001@yahoo.com